**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZURI SANA-KABISA YOUNG, | NO. ED CV 23-436-ODW(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| R. L. JOHNSON, CDCR, ET AL., | |
| Respondents. | |

On March 13, 2023, Petition filed a "Petition for Writ of Habeas Corpus by a Person in State Custody." The Petition challenges a 1998 San Bernardino Superior Court criminal judgment (Petition at 2). Petitioner previously challenged this same Superior Court criminal judgment in a federal habeas petition, which was filed in 2001 and denied with prejudice in the same year. See Young v. Terhune, ED CV 01-474-GLT(E).

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain

1 authorization from the court of appeals.  See Burton v. Stewart, 549
2 U.S. 147, 157 (2007) (where the petitioner did not receive
3 authorization from the Court of Appeals before filing second or
4 successive petition, "the District Court was without jurisdiction to
5 entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th
6 Cir. 2000) ("the prior-appellate-review mechanism set forth in
7 § 2244(b) requires the permission of the court of appeals before 'a
8 second or successive habeas application under § 2254' may be
9 commenced"); see also Rule 9 of Rules Governing Section 2254 Cases in
10 the United States District Courts.  A petition need not be repetitive
11 to be "second or successive," within the meaning of 28 U.S.C. section
12 2244(b).  See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th
13 Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL
14 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).  Petitioner evidently has
15 not yet obtained authorization from the Ninth Circuit Court of
16 Appeals.[1]  Consequently, this Court cannot entertain the present
17 Petition.  See Burton v. Stewart, 549 U.S. at 157; see also Dews v.
18 Curry, 2008 WL 590476, at *3 (E.D. Cal. Feb. 29, 2008) (without Court
19 of Appeals' authorization, "this court lacks jurisdiction to consider
20 ///
21 ///
22 ///
23 ///

---

[1] According to the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database, no individual named Zuri Young has obtained an order from the Ninth Circuit permitting the filing of a successive habeas petition in this Court.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

the petition").[2]

For the reasons discussed above, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 16, 2023.

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

PRESENTED this 15th day of March, 2023, by:

      /s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] This Court has rebuffed several previous attempts by Petitioner to bring a "second or successive" habeas petition challenging his 1998 conviction and/or sentence. See Young v. State of California, ED CV 11-566-AHM(E); Young v. Horel, ED CV 08-454-AHM(E); Young v. Harrison, CV 04-9884-AHM(E).